### SLOAN v. DENIZ NAKLIYATIN, T.A.S.D.B.

No. 74-3660-CA.

Circuit Court, Duval County.

October 24, 1974.

Carl M. Stewart of Corrigan, Werber & Moore, Jacksonville, for the plaintiff.

Harold B. Wahl of Wahl & Gabel, Jacksonville, for the defendant.

THOMAS J. SHAVE, Jr., Circuit Judge.

This case is before the court on plaintiff's third attempt to state a cause of action. Plaintiff sues because of an injury he sustained while working as a longshoreman aboard the motor vessel *Firat* at Jacksonville on February 3, 1974. His first amended complaint alleges he was injured "when a tractor part being unloaded fell off the stack upon which it had been stored and landed on plaintiff."

Plaintiff's counsel, with commendable candor, concedes the plaintiff had been working aboard the vessel for some hours prior to his injury, and that he and his fellow employees had been unloading the very same tractor parts. It appears, therefore, that any alleged defect in the stack of parts was open and obvious and should have been observed by plaintiff in the course of his unloading the same; that the very unloading may have caused the alleged defect.

This is a case brought on an accident occurring after the Longshoremen's and Harbor Worker's Compensation Act Amendments of 1972 (86 Stat. 1251 (1972) - 33 USC 902, et seq.). It is clear that those amendments increased the compensation benefits to the employees and that in turn the liability of the vessel was limited. No longer is unseaworthiness a basis for a suit by the longshoreman against the vessel, but he must prove negligence.

There have been a number of decisions interpreting the 1972 amendments as showing the "intent of Congress to provide longshoremen and ship repairmen with a new cause of action for negligence against a ship owner based upon *traditional land based negligence concepts* in lieu of the application of the general maritime law remedies of negligence and unseaworthiness". See Hite v. Maritime Overseas Corp. (USDC-ED-Texas, No. 13-73-CA-354, 8/16/74)_____Fed. Supp._____) In that case, the court held —

The owner of a premise who contracts with an independent contractor (business invitee) to perform services for the owner upon the owner's premises owes a duty to the independent contractor and his employees to exercise reasonable care to have the premise in a reasonably safe condition for use by the independent contractor and to give said contractor warning of any concealed or latent defects that are known by the owner and not by the independent contractor. The owner of a premise is under no duty to warn the independent contractor or his employees of dangers or open and obvious defects which are known to the independent contractor or his employees or which could be readily observed by said employees in the exercise of ordinary care. (Citing numerous cases, including Hickory House v. Brown (Fla. 1955) 77 So.2d 249.)

This court has heretofore ruled in this case that plaintiff had not stated a cause of action against the vessel owner (as distinguished from the plaintiff's stevedore employer from whom he had received compensation benefits). There is no material difference between the third amended complaint and the earlier complaints. See Hickory House v. Brown, supra, where the Florida Supreme Court expounded the same law as that set forth above in *Hite;* Fedison v. The Vessel Wislica (USDC-ED-La., Civil Action 73-1030, 9/17/74)_____Fed. Supp._____; and Lucas v. Brinkines (Ca. 73-1120 - USDC-ED-Penna., 8/5/74)_____Fed. Supp._____

Plaintiff has stated he will stand on his complaint and does not desire to amend.

It is ordered, therefore, that plaintiff's complaint be dismissed with prejudice and plaintiff shall take nothing by his suit.